# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:06-cr-391-FDW
## (3:08-cv-335-FDW)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | |
| CORNELIUS T. DUFF, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes now before the Court upon Defendant's "Motion Requesting to Amend Existing 2255 Motion or Court's Appropriate Legal Alternative" (Doc. No. 3; Case No. 3:08-cv-335). Defendant's Motion is DENIED.

On September 28, 2006, Defendant was indicted for being a member of a conspiracy to posses with intent to distribute crack cocaine in violation of 21 U.S.C. § 846, of personally possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841, of using and carrying a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c), and of possessing a firearm having been previously convicted of a felony in violation of 18 U.S.C. § 922(g). On January 26, 2007, Defendant entered into a revised plea agreement with the government, which the Court accepted on the same day. On February 20, 2008, the Court entered Judgment against Defendant, sentencing him to be imprisoned for a term of seventy-eight (78) months.

On July 8, 2008, Defendant filed a "Motion to Compel the Court for Specific Performance," asking the Court to require the government to file a Rule 35(b) motion. The Court, noting that the time for Defendant to appeal had expired, provided notice that it would construe Defendant's Motion

as a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255. Defendant objected, stating, "I do not wish for the motion to be recharacterized as a 2255," and asking to "please withdraw the motion." (Case No. 3:08-cv-335; Doc. No. 2.) The Court therefore did not proceed with Defendant's motion, it having been withdrawn. As a matter of form, Defendant's withdrawal effectively closed the civil case that had been opened for his § 2255 motion. As such, the Clerk's Office is now directed to close that case (Case No. 3:08-cv-335) and docket Defendant's current motion in his criminal case (Case No. 3:06-cr-391).

Moving to the motion itself, the Court first notes that Defendant once again fails to state the jurisdiction under which the Court could revisit his sentence. Defendant's time for a direct appeal has long since expired. Defendant objected to the Court's attempt to address his concerns as a motion pursuant to 28 U.S.C. § 2255. Defendant does not appear to be asking for a sentence reduction pursuant to 18 U.S.C. § 3582 and Amendment 706 to the United States Sentencing Guidelines, as he cites authority rejecting the "20-to-1" ratio reflected therein, instead asking that the Court adopt a "new national policy for the Department of Justice of a one-to-one ratio for crack and cocaine." (Case No. 3:08-cv-335, Doc. No. 3, at i.) The Court highly doubts its ability to adopt such a policy, but declines to do so in any event, instead relying upon the direction of Congress, the United States Sentencing Commission, and precedent from the Supreme Court and the United States Court of Appeals for the Fourth Circuit. None of these sources compel or even advocate the change Defendant suggests.

The cases cited by Defendant, United States v. Gully, No. 08-3005, 2009 WL 1370898 (N.D. Iowa May 18, 2009), and United States v. Lewis, 04-0430, 2009 WL 1591633 (D.D.C. June 9, 2009), are inapposite to this case. The defendants in those cases were properly before the court for sentencing when the court exercised its discretionary power to vary from the Sentencing Guidelines

related to crack cocaine, as recognized by <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007). Here, Defendant has been properly sentenced and has not raised any grounds under which the Court could revisit that sentence. Defendant's Motion is therefore DENIED. To the extent that Defendant wishes to make a motion pursuant to 18 U.S.C. § 3582 and Amendment 706, this dismissal is without prejudice.

       IT IS SO ORDERED.                    Signed: July 27, 2009

Frank D. Whitney
United States District Judge